IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID McCLAIN, III, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | CV-04-IPJ-RRA-2806-S |
| | ] | |
| WARDEN BILLY MITCHEM, et al., | ] | |
| | ] | |
| Respondents. | ] | |

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, David McClain, III, was convicted on February 14, 1996, in the Jefferson County Circuit Court, of first degree robbery. He was sentenced on February 16, 1996, to life imprisonment, pursuant to Alabama's Habitual Felony Offender's Act. The Alabama Court of Criminal Appeals affirmed McClain's conviction in a memorandum opinion released on November 22, 1996. McClain did not seek a rehearing or filed a petition for a writ of certiorari with the Alabama Supreme Court. The certificate of judgment was issued on December 10, 1996.

On January 3, 1997, McClain filed a Rule 32 petition in the Circuit Court of Jefferson County. The petition was denied by the trial court on January 7, 1997. On May 20, 1997, the Alabama Court of Criminal Appeals dismissed McClain's appeal from the denial of the Rule 32 petition, for failure to prosecute, because McClain did not file a brief. *McClain v. State*, 717 So. 2d 902 (Ala. Crim. App. 1997)(table).

On June 7, 2001, McClain filed a second Rule 32 petition. The trial court denied the petition on June 11, 2001. The Alabama Court of Criminal Appeals affirmed the denial of the petition in a memorandum opinion issued on September 14, 2001. *McClain v. State*, 837 So. 2d 898 (Ala. Crim. App. 2001)(table). McClain's application for rehearing was overruled on September 28, 2001. On October 16, 2001, the certificate of judgment was issued.

McClain filed his third Rule 32 petition on August 2, 2002. The trial court denied that petition on August 6, 2002. The Alabama Court of Criminal Appeals affirmed the denial of the petition on January 7, 2003, and issued a certificate of judgment on January 27, 2003.

McClain filed a petition for a writ of habeas corpus in this court on September 23, 2004. In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. McClain has filed no response to the motion for summary judgment.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

McClain's conviction became final on December 10, 1996, the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment. Rule 39 of the *Alabama Rules of Appellate Procedure* provides that a decision by the court of appeals may be reviewed by the Alabama Supreme Court upon a petition for writ of certiorari, "only after a court of appeals has overruled an application for rehearing directed to the point, issue, or decision complained of." Because McClain did not file a petition for rehearing, he had no right under Alabama law to have his conviction reviewed by the Alabama Supreme Court.

Rule 13(1) of the United States Supreme Court Rules provides:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

Since McClain did not have a judgment by the Alabama Supreme Court, the "state court of last resort," or an order by the Alabama Supreme Court denying discretionary review, he was not entitled

to petition the United States Supreme Court for review of the Alabama Court of Criminal Appeals' affirmance of his conviction. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, under these circumstances, McClain's conviction became final on December 10, 1996, the date the Alabama Court of Criminal Appeals issued its certificate of judgment, and the one-year limitations period began to run that day.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The limitations period was tolled on January 3, 1997, when McClain filed his Rule 32 petition. At that point, 24 days of the limitations period had expired. The limitations period began to run again on May 20, 1997, at the latest, when the Alabama Court of Criminal Appeals dismissed McClain's appeal. It expired 341 days later, on April 26, 1998. McClain did not file his petition in this court until September 23, 2004. Therefore, it is barred by the statute of limitations.

The fact that McClain filed two more Rule 32 petitions after the limitations period expired did not start the running of the limitations periods anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year state of limitations by bringing a belated state collateral attack. See, e.g., *Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
>     Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. *See, e.g., Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir.1998) ( "Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was

>properly filed must be counted against the one year period of limitation."); *DeVeaux v. Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2) ] does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (*quoting Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y. August 27, 1999).

*See also Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)("A state court filing after the federal habeas filing deadline does not revive it."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)("Once the

limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").

Accordingly, the petition for a writ of habeas corpus be DISMISSED because it is barred by the statute of limitations.

An appropriate order will be entered.

DONE this 25th day of May 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE